AARON D. FORD
  Attorney General
JEFFREY D. WHIPPLE (Bar No. 16346)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-3792 (phone)
(702) 486-3768 (fax)
Email: jwhipple@ag.nv.gov

*Attorneys for Defendants Charles Daniels, Gabriela Najera, Brian Williams, and Karissa Currier*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATHEW BEARD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEVADA DEPT. OF CORRECTIONS, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-01060-GMN-NJK<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINE**<br>**(SECOND REQUEST)** |

　　　　Plaintiff Mathew Beard (Beard), pro se, and Defendants Charles Daniels, Gabriela Najera, Brian Williams, and Karissa Currier, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Jeffrey D. Whipple, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby respectfully submit the following Stipulation and Proposed Order to Extend Discovery Deadlines [Second Request].

I. **INTRODUCTION**

　　　　This is a *pro se* offender civil rights action brought by Beard. On January 22, 2025, this Court issued a scheduling order setting the close of discovery in this matter to April 22, 2025.[1] On April 10, 2025, this Court granted in part and denied in part Plaintiff's motion to extend discovery, setting the discovery deadline to May 22, 2025.[2]

---

[1] ECF No. 22.
[2] ECF No. 43.

On May 2, 2025, the parties met and conferred regarding several outstanding discovery disputes. During this meet and confer session, the parties agreed that additional time was necessary for Defendants to supplement certain discovery responses, and for Plaintiff to engage in further discovery based on those supplemented responses. Beard expressed a desire to propound further discovery requests, and undersigned counsel indicated Defendants' indication to send a limited amount of written discovery as well.

## II.  LEGAL STANDARD

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.[3] A motion or stipulation to extend a discovery deadline or to reopen discovery must include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

Generally, "good cause" is equated with diligence.[4] A showing of good cause requires more than inadvertence or mistake of counsel.[5]

A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted.[6]

## III.  DISCOVERY COMPLETED

The parties have completed the following discovery:

- Plaintiff's Request for Production of Documents [Set One] and Defendants Responses;

---

[3] Local Rules of Practice (LR) 26-3.
[4] *Masters v. Sam's West, Inc.*, Case No. 2:24-cv-01959-RFB-MDC, 2025 WL 69934, at *2 (D. Nev. Jan. 8, 2025) (citing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337); see also *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).
[5] *Masters*, 2025 WL 69934, at *2 (citing *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987)).
[6] LR IA 6-1.

- Defendants' Initial Disclosures;
- Plaintiff's Initial Disclosures;
- Plaintiff's Interrogatories to All Defendants [Set One] and Defendants' Responses;
- Plaintiff's Requests for Production of Documents to All Defendants [Set One] and Defendants' Responses;
- Plaintiff's Request for Admission to Defendant Najera [Set One] and Defendant Najera's Responses;

## IV. DISCOVERY THAT REMAINS TO BE COMPLETED

The parties have agreed that the following discovery remains to be completed:

- Defendants' Supplemental Disclosures;
- Plaintiff's Interrogatories to All Defendants [Set Two];
- Plaintiff's Request for Production of Documents to All Defendants [Set Two];
- Plaintiff's Request for Admission to Defendant All Remaining Defendants [Set One];
- Defendants' Requests for Admission to Plaintiff;
- Defendants' Interrogatories to Plaintiff.
- Possible Deposition of Defendants

## V. REASONS THE REMAINING DISCOVERY WAS NOT PREVIOUSLY COMPLETED

The parties have been working diligently with one another to complete discovery, however discovery disputes and unavoidable delay in responding to Plaintiff's written discovery have slowed the pace at which discovery has been able to proceed.

Disputes over the completeness of Defendants' responses to Plaintiff's Interrogatories have resulted in multiple discovery meet-and-confer sessions and Defendants have agreed to supplement their responses to certain of Plaintiff's requests and further investigate Plaintiff's claims that certain other responses are incomplete.

It is the parties' position that good cause exists, and that this Court should grant the request to extend discovery for 90 days from the date of this stipulation and extend other scheduling deadlines accordingly.

## VI. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

The parties propose that discovery be extended for 90 days from the date of this stipulation, with the following deadlines:

|  | Previous Deadline | Proposed Deadline |
|---|---|---|
| Discovery Deadline | May 22, 2025 | August 20, 2025 |
| Dispositive Motions | June 23, 2025 | September 22, 2025 |
| Joint Pretrial Order | July 21, 2025 | October 20, 2025 [7] |

The parties anticipate that, pending any unforeseen circumstances outside the parties' control, the above extension of the current discovery deadlines should allow the parties to conduct and complete the outstanding discovery with respect to all Defendants.

## VII. CONCLUSION

This second request to extend discovery is made by the parties in good faith and not for the purpose of delay. For the reasons above, the parties believe there is good cause to extend the discovery period in this matter.

///
///
///
///
///
///
///
///
///

---

[7] In the event dispositive motions are filed, the proposed date for filing the joint pretrial order will be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the Court.

1  Further, as a trial date would necessarily be set out some time from now, extending
2  discovery in this matter would allow the parties to expand the factual evidence of the
3  allegations, ensuring both parties are prepared to either argue the case should be dismissed
4  prior to trial or otherwise be prepared to try this matter in front of the Court and a jury.

DATED this 21 day of May, 2025.         DATED this 16th day of May, 2025.

                                            AARON D. FORD
                                            Attorney General

By: /s/ [signature]                                  By: /s/ Jeffrey D. Whipple
Mathew Beard                                         JEFFREY D. WHIPPLE (Bar No. 16346)
Plaintiff, *pro se*                                  Deputy Attorney General

                                            *Attorneys for Defendants*

In light of the lengthy extension being granted, the Court is not inclined to extend these deadlines any further in the future.    **ORDER**

    IT IS SO ORDERED.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE

                                            DATE: May 22, 2025