# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mathew Beard,<br>    Plaintiff(s),<br>v.<br>Nevada Dept. of Corrections, et al.,<br>    Defendant(s). | Case No. 2:23-cv-01060-GMN-NJK<br>**Order**<br>[Docket Nos. 61, 67] |

On September 9, 2025, the undersigned issued a report and recommendation that this case be dismissed for Plaintiff's failure to update his address. Docket No. 61. On October 13, 2025, the parties filed a stipulation to revive and extend case management deadlines. Docket No. 67. On October 20, 2025, the Court held a hearing.

## I.   Address Issues

The Court has received numerous instances of mail returned as undeliverable to Plaintiff. *See, e.g.*, Docket No. 60. The record reflects that Plaintiff has been undergoing medical treatment, *see* Docket No. 67, Plaintiff has now confirmed his address to be at High Desert State Prison, and Plaintiff has confirmed that he understands moving forward that he is responsible for updating his address by filing a proper notice. Given the circumstances, the Court withdraws the report and recommendation, Docket No. 61, though Plaintiff is cautioned that he must promptly file a notice of changed address in the future.

## II.   Reopening Discovery

The stipulation to reopen discovery demonstrates Plaintiff's diligent discovery efforts and his medical treatment that hindered his completion of discovery. Docket No. 67. In addition, the parties have been conferring on discovery disputes. For good cause and excusable neglect shown,

*see, e.g.*, Local Rule 26-3, the Court reopens discovery as to Plaintiff only.[1]  The Court will also reset other case management deadlines in accordance with the relief provided as to the discovery cutoff.

### III.  Settlement Conference

At the hearing, the parties expressed interest in a settlement conference prior to Plaintiff's upcoming surgery.  Once the date becomes known, defense counsel must promptly file the date for Plaintiff's surgery so that a settlement conference can be scheduled.  That notice must be filed under seal.[2]

### IV.  Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1) Plaintiff is cautioned that he must promptly file a notice of changed address in the future, but the pending report and recommendation is **WITHDRAWN**.  Docket No. 61.

2) The stipulation to reopen discovery is **GRANTED** as to Plaintiff only, with the discovery cutoff reset for January 12, 2026.  In addition, discovery motions must be filed by January 26, 2026; dispositive motions must be filed by February 11, 2026; and the joint proposed pretrial order must be filed by March 13, 2026, or 30 days after resolution of dispositive motions.

3) Defense counsel must promptly file under seal the date for Plaintiff's surgery so that a settlement conference can be scheduled.

IT IS SO ORDERED.

Dated: October 20, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The stipulation to reopen discovery identifies "Defendants' Requests for Admission to Plaintiff" and "Defendants' Interrogatories to Plaintiff" as discovery remaining to be completed.  Docket No. 67 at 5.  At the hearing, defense counsel clarified that Defendants will not propound any discovery during the reopened period.  As such, discovery will be reopened only for Plaintiff.

[2] Medical information is routinely filed under seal.  The Court sees no reason why this information should instead be provided *in camera*.